Jeffrey Perkins appearing for the plaintiff and appellant's Ava Hall. This matter was originally filed in state court and removed to federal court, as I'm sure the court understands. Counsel, I find this case really hard. And the reason I find it hard is it seems like the statute says one thing, Hunter says the opposite. And it's really hard to reconcile them. The best I can do is to say if your claim for injury or loss of property is less than the Carmack Amendment number, follow Hunter. And if it's more, follow the statute. That's the best I can do. And that would mean you lose because Hall's claim is for more. What am I missing? Well, Your Honor, that is precisely the dilemma that we were in at the point where we decided to file the case. And if you read Hunter, you see that you cannot aggregate claims. Hunter is clear on that. And I asked my client, and my client's clear. Do you have damage to your property? Is there any damage or loss to your goods? Answer, minimal, if any. Is there damage? They didn't damage or lose her stuff. No, the goods were never lost, Your Honor. We always knew where they were. They always were. I'm sorry. They were stored and delayed and delivered. They were stored in the defendant's warehouse. And they never denied the fact that they were there. They never told us that they had been damaged. There was never any fire in the warehouse or anything like that. The truck didn't go off the road. The goods were there. And they were there during the entire period of time. To the best of our knowledge, there were not at the time we filed the complaint. And since filing the complaint, there has not been any damage to the goods in any significant amount. There were some. Any time you leave goods for two years in a warehouse, there's going to be some deterioration. But it did not exceed $10,000. We did not allege that. And the dilemma which we were in was if we filed this case in federal court seeking recovery under the CARMAC claim, under the CARMAC Act, we would have been thrown out. They would have waved Hunter and the other Hughes cases and the other cases at us and said, Look, you haven't alleged $10,000 in damages. There's no federal court jurisdiction here. So what do you do? Well, you've got to, it seems to me, you recognize that. That's the law. That's clear. There's no question about that. You have to get to this $10,000 threshold level. We are not there with respect to the lost goods. Now, clearly, we're there with respect to other claims unrelated to the lost goods. They're clearly there on the question of fraud, on the question of withholding the goods for improper purpose. And the gravamen of this case is not damage to the goods, not loss of the goods. It's the fact that these folks used, we think disingenuously, used the protection of the CARMAC amendment to obtain possession of the goods and then extort money from the customer to obtain return of those goods. That's the gravamen of the case. And as a result of that, my client suffered damage. And Hunter, I think, clearly addresses that issue. So what you're saying is this simply is not a claim for loss or injury to property. The CARMAC Act doesn't apply. And it's wrong to say the CARMAC Act applies when goods are consigned under a bill of lading to a moving company. That's essentially correct, Your Honor. It is not, has not, and never been our claim that we're seeking recovery for damage or loss to the goods. We are seeking recovery for state court claims for breach of the oral agreements that they've continuously made, that we would ship the goods if you gave us more money. We give them more money. We'll ship the goods next week. We'll ship the goods next month. They still don't ship the goods eventually. We have to pay more money to get the goods out of storage, returned not in Whitefish, Montana, the intended shipping place, but here in San Francisco. My client's out of all kinds of money just to get her goods back into another storage facility in San Francisco. Why wouldn't that just, if what we say is that a fraud claim, where there is not a claim for damages to the goods, is simply outside the CARMAC amendment, why isn't that going to eviscerate the CARMAC amendment? Everybody will claim fraud because tort damages don't have the sealing on them that the CARMAC amendment does. It's kind of like ERISA. I understand that, and I recognize that concern. Hunter recognizes it as well. What would be the federal jurisdiction? There wouldn't be any federal jurisdiction absent the $10,000 minimum. That's step one. Whatever the problem is, it's for the California or the Washington or Oregon legislature to resolve in the manner they see fit. Agreed, Your Honor. That would come up in a preemption argument, which would be made and should be made at the state court level, and I think would be defeated, but it would be made then, and there are arguments which we can and did make in the court below as to why those issues don't pertain in this particular case. If we conclude that there is preemption here, are you dead in the water or can you amend and still prevail? The only thing I can see we could amend is the few dollars which would be sought under a CARMAC damage to goods claim, and there is no basis for any other damages that I've found in any of the cases, certainly none of the cases that are cited, and certainly not in the sort of offhanded remark the court below made that she could get the value of her home and Whitefish back if she could tie that to some CARMAC claim. I have found no case, and I don't believe there is one, which provides her any kind of a remedy in that regard. Indeed, that would be, as Your Honor indicated earlier, that would be contrary to the whole concept of CARMAC. If you could extend CARMAC damage beyond loss or damage to the good, you're defeating the whole purpose, which was to limit claims like this to loss or damage to the good. So I guess under your theory, if they extort money from her but her goods are pristine, she can bring a fraud case in state court. However, if they extort money from her and destroy her goods, then she's stuck. All she can get is the declared value of her goods. That seems to be the law. But if you think about it, I think it can be supported that that is the law, because both parties going in know that if there is damage to the goods and a problem with the goods centered upon the goods, your relief is limited to the value of those goods, and you can insure for that and deal with that. But if these folks use that law as a subterfuge, which is the gravamone of what we're claiming, they're using this law that provides them these defenses to obtain access to the goods, obtain possession of the goods, and then use that possession as a lever to extort money. Then it seems to me it goes beyond the remedies afforded under federal law, and plaintiff is left with the remedies afforded to her, which are significant under state law. And it seems only fair and reasonable, and there are no cases on it specifically that would deny her. There are cases which suggest, Hunter being one, that intentional assorts are indeed actionable. Hunter, actionable. Hunter dealt with a small claim, $2,500 damage claim, but a bad faith contract argument, which the Hunter court seemed to say pretty clearly was actionable in state court, and she should bring it there. But in any event, we should be having this discussion before the law in motion judge in California Superior Court, not here. There is simply no jurisdiction. We're down to about a minute. You're down to about a minute and a half. You may wish to reserve. I'll reserve. Thank you. We'll hear from the moving company. May it please the Court. My name is Greg Garfinkel. I represent Happily North American Van Lines. Excuse me. Our docket says Guy Stilson. Mr. Stilson represents All-City and Mr. Correa. Okay. So we should add your name to the docket. First name again? Greg, G-R-E-G-G, Garfinkel, G-A-R-F-I-N-K-E-L. Thank you very much, Mr. Garfinkel. And I will reserve two minutes of my time, a lot of time for Mr. Stilson to deal with one particular argument. Appellant's entire appeal is premised upon four faulty assumptions. One, that property damages of meeting the jurisdictional minimum of CARMAC have not been alleged. Two, that the CARMAC does not provide appellant with any remedy. Three, that Hunter supports the remand of this matter. And four, that the CARMAC amendment was the sole basis of Federal court jurisdiction in this matter. Let me ask you the same question I asked you opposing counsel. If we find Federal jurisdiction under CARMAC, what possible claim can be remedied in Federal court, based on what the assertions are, the allegations are? Your Honor, Federal law does provide numerous remedies. Appellant was provided with leave to plead for consequential damages, which are specifically recoverable under contempo. Remedies is different than jurisdiction. I'm sorry, Your Honor. Remedies are different than jurisdiction. What jurisdiction does the court have to award damages? The jurisdiction is that there's a Federal question preempted, presented by virtue of CARMAC amendment preemption of the entire area of law, as well as the tariff dispute that is raised in the four corners of the complaint. And appellant's original complaint. Mr. Perkins is not persuaded, obviously, that you have all these wonderful things to give him. Fortunately, the Ninth Circuit is, Your Honor. There's the contempo matter, which provides for the recovery of consequential damages. There's the F.J. McCarthy decision, also a Ninth Circuit decision, which allows for the recoverability of delaying transactions. How did they get into Federal court? She doesn't say her goods were injured or damaged in excess of $10,000. Well, Justice Kleinfeld, with all due respect, she does in numerous locations in the complaint. Show me where. I've got it right here. Sure. Appellant has sued North American Van Lines not only for breach of contract, but for conversion. Conversion is a state tort recognized by the damage to personal property. Although there's no specific dollar amount alleged within the conversion. That's a big although. Well, it's not. I'm getting there, Your Honor. The damage allegations, they claim that the property that was converted by North American Van Lines had a value of $500,000. That's 50 times the jurisdictional minimum of a Carmack amendment claim. And that is contained in our excerpts of record, appellate's excerpts of record at page 11 and page 19. Those damage allegations are specifically incorporated. I just brought appellants. What paragraphs are you looking at of the complaint? It would be paragraphs 16 and 19 of the complaint. 16 just reincorporates other paragraphs. Correct. And then the prior. 19 says at all times material, the conversion of defendant's goods together with the refusal to return the goods were knowing and intentional acts. Neither of them has an amount allegation. Correct, Your Honor. But they incorporate the prior allegation, which was the section of the paragraph of the complaint that specifically mentions 500,000. Paragraph eight, page four, lines 11 through 13. Okay. She says she was obliged there. The sentence is plaintiff was therefore obliged to return to San Francisco at her expense to negotiate the release of her furniture, clothing and personal effects. All of which were valued in excess of 500,000. That's what you're relying on. In part, Your Honor, there's also another passage, which were the allegation of the property damages contained at paragraph 15 of the complaint. Subparagraph B, where she specifically references damage to the goods. Yeah, but no amount. She says she's been forced to purchase new furniture and clothing to replace goods damaged while in storage. But she doesn't say how much. Your Honor, there's another allegation, which falls within the preemptive amendment of Carmack, is the amounts that were allegedly extorted. Those claims that the damages or those funds were extorted from her is also a claim which is governed by Carmack. That's the McCarthy decision and the Dermier decision and the Hoskins decision, which all indicate that this exact situation has been dealt with before and that these are all claims arising under. Let me tell you my concern. Okay. She's got a claim in excess of $10,000 if you include her claims other than for injury and damage to her property. The Carmack Act jurisdictional amount says only if the matter in controversy exceeds $10,000. The Carmack liability section says the carrier is liable for actual loss or injury to the property. So what I'm wondering is, does it matter that her claims exceed $500 when the amount of liability for injury or actual loss of the property is less than $10,000? I'm trying to figure out what to do with Hunter because we can't overrule it. We're a three-judge panel. Understood, Your Honor. But even if this Court were to find that the passages that I've identified in plaintiff's complaint, which are the sole source of inquiry at the time of removal, didn't survive, then you have these extortion damages that Judge Zimmerman found down below. These are Carmack Amendment claims. These are claims that arise. She can't get them. That's not actual loss or injury to the property. Correct. But the Carmack Amendment has been read broadly enough since 1906 in Adams v. Croninger to encompass those claims for the exact reasons why Justice Beezer was concerned. You don't want this amendment dead in the water. Well, then why did you prevail at trial or at the trial court? For the exact reason which are articulated in our brief, because this is a Carmack Amendment claim. This is the interpretation of a bill of lading for the interstate shipment of goods, which is governed exclusively by federal law to the exclusion of any and all state law claims, which supplement, expand, or ---- So Carmack gives you this entire universe, but bill of lading takes it all back. Is that what you're saying? No, they interact, Your Honor. I can't figure out what you just said. On the one hand, you told me it's okay that it's Carmack Amendment. Because you get the consequential damages, including the fraud and extortion. On the other hand, you don't. I don't understand. Consequential damages are specifically recoverable within the ambit of Carmack under the Act. But you won at trial. Why ---- This wasn't a trial, Your Honor. This was a motion to dismiss. You prevailed in the district court is what I'm saying. So how do you win and knock out those damages if they're allowable? Because the punitive damage exposure is limited and eviscerated. It's solely a claim under Carmack for which there's alternative remedies available that appellant chose not to pursue. He threw the baby out with a bathwater. Compensatory damages for fraud is not the same thing as punitive damages? A hundred percent. No punitive damages are recoverable under Carmack under the Cleveland v. Beltman decision in the Second Circuit. All right. You have a minute and a half. Your Honor, may I toss the ball to Mr. Stilson? Thank you, Your Honor. Good morning. May it please the Court. I am Guy Stilson of the law firm of Loball & Lynch. I represent George Korea and All City Moving and Storage. And I just want to take a quick moment to address the issue of complete preemption under the beneficial case, point out that the beneficial case, a 2003 United States Supreme Court case, directs all courts with regard to the issue of complete preemption and states that the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive. Since the Adams v. Croninger case in the early part of the last century, I believe that it has been very clear in nearly every district court and appellate court decision involving the Carmack amendment that the Carmack amendment is intended to be the exclusive remedy. It makes sense to me, but what do we do with Hunter? Well, what we do with Hunter is we look at the fact that Hunter involved only state law claims relating to the handling of the damage claim. What we have in this situation is very different. There's not a complaint about the handling of the damage claim. There's a claim here that the goods were, in effect, temporarily, excuse me, misappropriated. We have here a claim that arises out of alleged misfeasance or maladies. Hunter say it's limited to the handling of the damage claim? I'm sorry? I thought Hunter purported at least to speak much more broadly than that, not to limit itself to the handling of the damage claim. It may, but what was in fact at issue in Hunter, the state law claims didn't have anything to do with the handling of the goods. The state law claims there had to do with the handling of the damage claims. And I think that that is a huge point of distinction between the Hunter situation and the current situation and nearly every other situation that has been discussed in the brief. Mr. Silson, do you agree with Mr. Garfinkel that opposing counsel could have amended or could, if we send it back, could still amend to at least have an opportunity to be heard on his claim? I believe that is correct, yes. I agree with that. Thank you. Your time has expired. Thank you very much, Your Honor. Mr. Perkins, I think you need to fill in some blanks here. Thank you. I'll do my best. Your Honor, the court's question is well taken. It's one that I considered from day one. How do we get around the fact that my client has been subject to egregious intentional conduct, which is violative of state law, and assert that claim in federal court when, in fact, she can't allege jurisdictional minimums required to even be in court? What about the $500,000? Well, again, Hunter addresses that. It's the same situation. The only way you get the $500,000 is you have to aggregate the tort claims and add them to the damage to goods claims. Hunter is very clear on that, as are all of the cases which are cited here. All of those cases address that issue. If damage to the goods is more than $10,000, the federal court will address those issues. If it's new ones, they cite new ones. If it's a case involving more than $10,000, all of the goods are lost. Hunter involves $2,500. Federal court can't deal with it. There's no jurisdiction. You don't have to get to this question as to whether the state court claims can be pursued. I don't think that the distinction that counsel suggests here with respect to the case he just cited, which I'm not particularly familiar with, I'll grant that, but it seems to me that Hunter set aside egregious intentional torts as a separate category apart from CARMAC. There is no case which allows people to bring intentional tort claims in federal court and allege property damage in excess of $10,000. Alternatively, they can be brought if they don't allege CARMAC claims in excess of $10,000 in state court. That is our position. I believe that's the correct answer. What's your response to opposing counsel's suggestion that you can amend or you could have amended to have all of your claims heard in this particular case? Well, I thought about it. The court asked, offered us leave to amend, and I cannot find any basis on which I could amend that complaint without aggregating intentional tort claims, which would be contrary to the provisions of Hunter and withstand a 1236 motion and be contrary to Rule 11. I mean, I could amend and allege more than $10,000 in damages, but that would not be true, and we certainly didn't want to do that. The damage to the goods does not exceed $10,000. There's nothing in that complaint which suggests that it does. The court is required below to find to a reasonable certainty that, in fact, looking at the complaint and looking at the facts alleged, there is jurisdiction. Not that there could be jurisdiction, which the court says could be found, but that there has to be jurisdiction apparent on the face of the complaint. I submit that there is no jurisdiction apparent on the face of the complaint. The complaint was specifically drafted with that in mind. And the only amendment that we would have made would have been to even further clarify the fact that there is no Federal jurisdiction. Sounds to me like Rule 11 makes you a little gun-shy. Well, it does, Your Honor. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision, and we will hear argument in Campbell v. Allied Van Lines. Thank you, counsel.
judges: Beezer, O'scannlain, Kleinfeld